# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD KRAMER,<br>        Plaintiff,<br><br>        v.<br><br>ANTONIO VITTI, *et al.*,<br>        Defendants. | No. 3:15-cv-1230 (SRU) |

## ORDER

On August 17, 2015, the plaintiff, Edward Kramer, filed a complaint against the defendants, Antonio Vitti, Stephen Staurovsky, and Peter Fearon, alleging claims under both state and federal law. (doc. 1) Specifically, Kramer alleged that over the course of his arrest on September 13, 2011 and a prosecution that resolved in favor of Kramer on April 10, 2013, the defendants, two officers in the Milford, Connecticut police department and an inspector with the Office of the State's Attorney in Connecticut, subjected him to: (1) false arrest; (2) unlawful search and seizure; (3) defamation; (4) intentional infliction of emotional distress ("IIED"); and (5) malicious prosecution.

On December 4, 2015, Vitti and Staurovsky ("the officer-defendants") moved to dismiss the first four claims against them as time-barred. (doc. 17) On December 29, 2015, Fearon also moved to dismiss the first four claims against him as time-barred, and further moved to dismiss the malicious prosecution claim for failure to state a claim upon which relief can be granted.[1] (doc. 22)

---

[1] Kramer has not yet filed an opposition to Fearon's motion to dismiss despite my granting his motion for an extension of time until February 22, 2016 to do so, and despite a follow-up call from my law clerk. But because the two motions to dismiss significantly overlap, I treat Kramer's opposition to the officer-defendants' motion as responsive to both motions.

For the following reasons, I **grant** the officer-defendants' motion to dismiss and **grant** Fearon's motion to dismiss.

## I. Standard of Review

A. <u>Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted</u>

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it

2

strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

**II.     Background**

The following facts are alleged in the complaint. On September 13, 2011, Vitti, a Detective Sergeant in the Milford police department received a phone call from Fearon, an Inspector in the Office of the State's Attorney. Compl. at ¶ 8. On that call, Fearon stated that he had been contacted by Daniel Porter, a District Attorney in Georgia. *Id.* Fearon stated that Porter had informed him that Kramer was in a hotel room in Milford and instructed Fearon to have Vitti call Porter for more information. *Id.* at ¶¶ 9–10.

Vitti called Porter. *Id.* at ¶ 11. Porter informed Vitti that Kramer was in a hotel room with a minor, and was thereby violating the conditions of his pretrial release. *Id.* at ¶¶ 9, 14, 20. Kramer alleges that information was false or misleading, and that Porter's statements explicitly relied on a string of unverified sources. *Id.* at ¶¶ 14–19. He also alleges that Porter's alert was contradicted by other information available to Vitti and Staurovsky at the time indicating that the minor was fine and was properly in Kramer's care. *Id.* at ¶¶ 20–25. Vitti and Staurovsky then arrested Kramer for Risk of Injury to Children, Conn. Gen. Stat. § 53-21, using "numerous, heavily armed and armored members of the Milford, Connecticut Police Department" to do so. *Id.* at ¶¶ 28–29.

The officer-defendants then applied for a search and seizure warrant to search Kramer's electronics for child pornography. *Id.* at ¶ 36. Kramer alleges that the warrant application deliberately omitted key information that he and the minor's guardian provided to the defendants. *Id.* at ¶¶ 44–45. The warrant was also granted on September 13, 2011, and was provided to Kramer on the same day. Officer-Defs.' Br., Ex. A; Fearon Br., Ex. A.

Kramer was subsequently prosecuted, but the charges were dropped pursuant to the state court's entry of a *nolle prosequi* on April 10, 2013. Compl. at ¶ 47.

**III.   Discussion**

   A.   Judicial Notice of the Warrant

Kramer objects to my consideration of the search-and-seizure warrant ("the warrant") that has been attached to both motions to dismiss. At this stage of the proceedings, the defendants technically rely on the warrant solely for the date on which it was signed and produced to Kramer. *See* Officer-Defs.' Br. at 2, 6, 7; Fearon Br. at 2, 5, 6. But Kramer does not appear to dispute the date that the warrant was requested and issued, nor the date when he received it.[2] Instead, the defendants are potentially providing the warrant at least in part to tell their side of the story, which raises the specter of a persistent child-pornographer.

The defendants are correct that I may consider documents that are referenced in, and plainly integral to, the complaint at the motion to dismiss stage. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The complaint does discuss the warrant application and warrant extensively, *see* Compl. at ¶ 36–45, and a substantial part of the liability alleged against the defendants arises from the warrant application procedure. Nevertheless, I consider the warrant-exhibit only insofar as it clearly establishes the date on which the warrant was requested, granted, and provided to Kramer.

   B.   Statute of Limitations Arguments

Both of the defendants' motions argue that all but Kramer's malicious prosecution claims are time-barred. They are correct as a matter of law; moreover, Kramer appears to have conceded

---

[2] Although the complaint is ambiguous as to timing, it is consistent with an inference that the arrest and search occurred on the same day, namely, September 13, 2011.

that point with respect to the false arrest, unlawful search and seizure, and defamation claims because he makes no opposing argument. Nevertheless, I briefly review the law on each count.

As a preliminary matter, I note that Kramer brings his federal claims under Section 1983. Compl. at ¶ 49. Section 1983 borrows the forum state's statute of limitations, but not the accrual date of the action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The false arrest and unlawful search and seizure claims are subject to the three-year statute of limitations provided in Conn. Gen. Stat. § 52-577. *See Macellaio v. Newington Police Dep't*, 145 Conn. App. 426, 431 (2013) (false arrest); *Moffitt v. Town of Brookfield*, 759 F. Supp. 94, 95 (D. Conn. 1991) (search and seizure). Thus, "'when a § 1983 action is filed in the District of Connecticut, it is subject to a three-year statute of limitations.'" *Spencer v. Connecticut*, 560 F. Supp. 2d 153, 158 (D. Conn. 2008) (quoting *Walker v. Jastremski*, 159 F. 3d 117, 119 (2d Cir. 1998)).

1. *False Arrest*

Under both state and federal law, the statute begins to run from the date of the arrest. *See Macellaio*, 145 Conn. App. at 431 (Connecticut law); *Wallace*, 549 U.S. at 397 (holding, under federal law, that the claim for a false arrest "begins to run at the time the claimant becomes detained pursuant to legal process").

Kramer was arrested on September 13, 2011. Compl. at ¶¶ 28–29. The statute of limitations for both state and federal false arrest claims accordingly ran out on September 14, 2014. The false arrest claims in the complaint, filed on August 17, 2015, are thus time-barred.

2. *Unlawful Search and Seizure*

Section 1983 unlawful search and seizure claims accrue on the date of the search or seizure. *See Spencer*, 560 F. Supp. 2d at 159. The dates of accrual for Connecticut search and seizure claims are rarely considered independent of their federal counterparts, and the parties

5

here reasonably assume that the state law claims accrue at the same time. Accordingly, the unlawful search and seizure claims in the complaint are time-barred.

### 3. IIED

The IIED claim is also subject to the three-year statute of limitations provided in Conn. Gen. Stat. § 52-577. *DeCorso v. Watchtower Bible & Tract Soc. of New York, Inc.*, 78 Conn. App. 865, 873 (2003). Kramer argues that the IIED claim is not time-barred, however, because the criminal action, which ended on April 10, 2013, should also be attributed to the defendants as part of a "continuing course of conduct" that caused him emotional distress. Pl.'s Opp'n Br. at 9.

"When a wrong sued upon consists of a continuing course of conduct, the statute of limitations does not begin to run until that course of conduct is completed." *Slainte Investments Ltd. P'ship v. Jeffrey*, No. 3:14-CV-01750 (CSH), 2015 WL 6692242, at *14 (D. Conn. Nov. 3, 2015) (internal quotation, alteration, and citation omitted). The Connecticut Supreme Court has held that the doctrine may apply to IIED claims. *Watts v. Chittenden*, 301 Conn. 575, 596 (2011).

I have been unable to find a Connecticut case that squarely addresses Kramer's circumstance, although courts in other jurisdictions have held that where an IIED claim is based on the same conduct underlying a timely malicious prosecution claim and the defendant actively participated in the malicious prosecution, the statute of limitations on the IIED claim does not begin to run until the criminal proceedings are terminated. *See, e.g.*, *Bergstrom v. McSweeney*, 294 F. Supp. 2d 961, 969 (N.D. Ill. 2003).

In Connecticut, repeated false reports have been held to constitute a continuing course of action that tolls the statute of limitations. *See Watts*, 301 Conn. at 598 (defendant repeatedly made false complaints that plaintiff had sexually abused his minor children); *Cerejo v. Cerejo*, No. CV115034020S, 2012 WL 3089772, at *6 (Conn. Super. Ct. June 29, 2012) (same).

Similarly, a continuing course of conduct has been found where a defendant continues to investigate and pursue a complaint on the basis of his own false accusation. *See Brady v. Bickford*, No. KNLCV116007541, 2015 WL 1727591, at *4 (Conn. Super. Ct. Mar. 13, 2015). In both cases, courts have emphasized that the defendants "engaged in additional conduct related to their prior wrongful conduct of making those groundless accusations." *Id.*

Conversely, if the defendant did not engage in any additional conduct after the initial allegation, a continuing course of conduct has not been found. For instance, in *Komoroski v. Corso*, No. CV126028084S, 2013 WL 1010641 (Conn. Super. Ct. Feb. 13, 2013), a nurse whose false report following the examination of an alleged sexual assault victim led to the prosecution of the plaintiff for sexual assault, was not found to have engaged in a continuing course of conduct. *Id.* at *5. The court observed the complaint alleged only two discrete instances of allegedly wrongful conduct against the nurse—the initial examination and the defendant's subsequent testimony in the criminal action two years later—which were collectively insufficient to constitute a continuing course of action. *Id.* But even assuming that the doctrine did apply, the court observed that the statute of limitations would have run from the date of the defendant's allegedly false testimony rather than the date of the plaintiff's acquittal. *Id.*

Kramer's case falls somewhere between those two poles. Unlike in *Komoroski*, the defendants here are police officers who would have been much more directly involved in a criminal case than the typical layperson witness. But Kramer has utterly failed to allege that the defendants actually did have any personal participation in the prosecution, or that they engaged in any relevant conduct whatsoever after September 13, 2011. Kramer alleges in vague and conclusory terms that "the defendants continued in the groundless prosecution of the plaintiff,"

7

but no dates or details are provided. *See* Compl. at ¶ 46. I cannot find a continuing course of conduct on that basis.

Accordingly, I also dismiss the IIED claim as barred by the statute of limitations, without prejudice to Kramer filing an amended complaint with more detailed allegations regarding the defendants' alleged continuing conduct, if any.

4. *Defamation*

Connecticut law provides a two-year statute of limitations for defamation claims *See* Conn. Gen. Stat. § 52-597. "The statute of limitations for a defamation claim begins on the date of publication." *Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210, 224 (2004).

Kramer's complaint alleges only one potential instance of publication against any of the defendants—the statements made in the warrant application on September 13, 2011. Thus, the complaint is time-barred on that count.

C. Malicious Prosecution (against Fearon)

Fearon has also moved for the malicious prosecution claim against him to be dismissed for failure to state a claim. The Connecticut Supreme Court has stated the elements of a malicious prosecution claim as follows:

> An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.

*Bhatia v. Debek*, 287 Conn. 397, 404 (2008) (citation omitted). "[M]erely reporting information to an officer who ultimately makes an arrest does not constitute 'initiation' of an arrest." *Cayo v. Sefcik*, No. 3:14CV38 JBA, 2014 WL 3419578, at *4 (D. Conn. July 11, 2014).

8

Kramer's sole allegation against Fearon is that on September 13, 2011, he informed Vitti that he had been contacted by Porter and that Porter wished to speak with Vitti. *See* Compl. at ¶¶ 8, 10. Kramer does not allege that Fearon's statements to Vitti were inaccurate or even that they were somehow improper. Accordingly, Kramer has failed to meet several elements required for a malicious prosecution claim, including an allegation that Fearon initiated the prosecution or that he acted with malice, and Fearon's motion to dismiss the malicious prosecution claim against him is **granted**.

## IV. Conclusion

The officer-defendants' motion to dismiss (doc. 17) is **granted with prejudice** with respect to the false arrest, unlawful search and seizure, and defamation claims, and **granted without prejudice to re-filling within 30 days of this order** with respect to the IIED claim. Fearon's motion to dismiss (doc. 22) is **granted with prejudice** with respect to the false arrest, unlawful search and seizure, and defamation claims, and **granted without prejudice to re-filling within 30 days of this order** with respect to the IIED and malicious prosecution claims.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of March 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge